## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARQUIS BYRANT,

Plaintiff,

vs.

CLAYTON COUNTY PUBLIC
SCHOOLS,

Defendant.

CIV. ACTION NO. 1:25-CV-04005

The Honorable Elanor L. Ross
The Honorable Russell G. Vineyard

**JURY TRIAL DEMANDED**

### DENMARK ASHBY & MATRICARDI LLC'S
### RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW Denmark Ashby Matricardi LLC ("Firm"), Counsel for Defendant Clayton County Public Schools ("CCPS"), and hereby responds to the United States Magistrate Judge's ("U.S. Magistrate Judge") May 5, 2026, Non-Final Report, Recommendation, and Order ("Order to Show Cause"), wherein the U.S. Magistrate Judge ordered the Firm to show cause in writing within fourteen (14) days why sanctions should not be imposed based on inaccurate citations included in the motion to dismiss.[1] Although the inadvertent citation of non-existing authority is inexcusable and the Firm accepts full responsibility for this unfortunate occurrence, the Court should not impose sanctions because, *inter alia*, (a) the Firm

---

[1] Additionally, the United States Magistrate Judge recommended granting in part and denying in part the motion to dismiss.  (Doc. no. 7).

Page 1 of 10
Bryant v. Clayton County Public Schools, Civ. Action No. 1:25-cv-04005
Denmark Ashby & Matricardi LLC's Response to Order to Show Cause

has not refused to correct or withdraw the subject motion and (b) Plaintiff Marquis Bryant ("Plaintiff") has not moved for sanctions pursuant to Federal Rule of Civil Procedure ("Federal Rule") 11.  As the Firm has internally addressed the events forming the basis of the Order to Show Cause and will implement additional practices, procedures, and protocols to prevent future improper use of Artificial Intelligence ("AI"), the Court should not impose additional sanctions pursuant to Federal Rule 11, apart from the admonition and instructions contained in the Order to Show Cause.

## I.  BACKGROUND

### 1.

On July 19, 2025, Plaintiff commenced the above-captioned discrimination and retaliation case.  (Doc. no. 1, Compl.).

### 2.

Pursuant to Federal Rule 4, on August 26, 2025, CCPS waived formal service of process.  (Doc. no. 4, Waiver).

### 3.

On October 27, 2025, the Firm filed on behalf of CCPS the Motion to Dismiss Complaint and Incorporated Memorandum of Law in Support Thereof ("Motion to Dismiss").  (Doc. no. 5, Mot. to Dismiss).  In this regard, the Junior Associate charged with preparing the motion improperly utilized, despite prior instructions and

Page 2 of 10
Bryant v. Clayton County Public Schools, Civ. Action No. 1:25-cv-04005
Denmark Ashby & Matricardi LLC's Response to Order to Show Cause

admonitions (and without the knowledge of the Firm), AI that apparently generated non-existent case law.  (Ex. A, Turner Aff.).  And, the Senior Associate relied upon the Junior Associate's duty to verify research and citations when finalizing and filing the Motion to Dismiss without knowledge of the use of AI.  (Ex. B, Parks Aff.).  As such, the Motion to Dismiss contains what appear to be hallucinated citations, Scott v. Ga. Dep't of Transp., 343 Ga. App. 134, 806 S.E.2d 638 (2017) ("Scott") and Dorsey v. Bd. of Regents, 279 Ga. App. 862, 632 S.E.2d 638 (2006) ("Dorsey").

4.

Plaintiff opposed, on November 10, 2025, the Motion to Dismiss.  (Doc. no. 6, Resp. to Mot. to Dismiss).  In this regard, Plaintiff asserted the inability to locate Scott and Dorsey.  (Id. at 14-15).  And, Plaintiff requested that the Court address said citations.[2]  (Id. at 17-18).

5.

On May 5, 2026, the U.S. Magistrate Judge entered the Order to Show Cause. (Doc. no. 7).  In response to Plaintiff's request, the U.S. Magistrate Judge noted that, as it relates to Scott, the citations belong to Six Flags Over Ga. II, L.P. v. Martin, a

---

[2] Notably, motions for sanctions pursuant to Federal Rule 11 must be made separately from other motions/filings.  Fed. R. Civ. P. 11(c)(2); White v. DSC Logistics, Inc., No. 1:09-CV-2956-CAP-GGB, 2010 WL 11507616, at *4 (N.D. Ga. June 16, 2010), *report and recommendation adopted*, No. 1:09-CV-2956-CAP-GGB, 2010 WL 11507836 (N.D. Ga. July 6, 2010).

Page 3 of 10
Bryant v. Clayton County Public Schools, Civ. Action No. 1:25-cv-04005
Denmark Ashby & Matricardi LLC's Response to Order to Show Cause

case involving premises liability, and <u>Sanchez v. Carter</u>, a workers' compensation matter.  (<u>Id.</u> at 68).  Concerning Dorsey, the U.S. Magistrate Judge noted that the citations are null and belong to <u>King v. Brown</u>, a probate matter.  (<u>Id.</u> at 68-69).  Unable to determine how these matters were included in the Motion to Dismiss, the U.S. Magistrate Judge ordered Counsel to show cause why sanctions should not be imposed.  (<u>Id.</u> at 69-71).

***Simultaneously with the instant response, Counsel has filed the Motion for Leave to File a Corrected Motion to Dismiss***.

## II.  RESPONSE AND CITATION TO AUTHORITY

Based upon the citation of Scott and Dorsey, the U.S. Magistrate Judge ordered the Firm to show cause why sanctions should not be imposed.  In pertinent part, Federal Rule 11 provides that, by presenting a written motion, an attorney certifies that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the claims, defenses, and other legal contentions are warranted by existing law.  Fed. R. Civ. P. 11(b)(2); <u>Scott v. Frankel</u>, 606 Fed. Appx. 529, 533 (11th Cir. 2015).  The primary purpose of Federal Rule 11 is to reduce frivolous claims, defenses, and motions.  <u>Kaplan v. DaimlerChrysler, A.G.</u>, 331 F.3d 1251, 1255 (11th Cir. 2003).  To that end, sanctions may be imposed on the attorney, law firm, or party if (a) Rule 11 is violated, (b) the offending party is provided with an opportunity to withdraw the objectionable

Page 4 of 10
<u>Bryant v. Clayton County Public Schools</u>, Civ. Action No. 1:25-cv-04005
Denmark Ashby & Matricardi LLC's Response to Order to Show Cause

pleading and fails to do so, and (c) a motion for sanctions is filed with the court. Lee v. Mid-State Land & Timber Co., 285 Fed. Appx. 601, 608 (11th Cir. 2008) (citing Federal Rule 11); see also Blackwell v. United Drywall Supply, Inc., No. 1:07-CV-2351-ODE, 2009 WL 10672531, at *2 (N.D. Ga. Aug. 27, 2009) (discussing the "safe harbor" against Federal Rule 11 sanctions).

Head v. Franklin, No. 1:24-CV-04741-VMC, 2025 WL 3190840 (N.D. Ga. Sept. 9, 2025) is instructive concerning the imposition of Federal Rule 11 sanctions based upon the citation of non-existent authority. Procedurally denying a motion to compel discovery, this Court expressed concern by the allegation that the defendants utilized fake citations following the Court's warning against said practice. Id. at *1. In this regard, the Court cautioned the defendants that, by signing a pleading, motion, or other paper, they were certifying that, to the best of their knowledge, information, and belief formed after an inquiry reasonable under the circumstances, that the legal contentions in the document are warranted by existing law. Id. (citing Federal Rule 11(b)). At a minimum, a reasonable inquiry requires litigants to check that a cited case is real and not made up by generative AI. Id. Although the citation of fake cases is lying to the Court, Federal Rule 11(c) affords discretion concerning sanctions. Id. at *2. Although the defendants apparently made false representations concerning the law, the Court chose to warn the defendants that future fictitious case citations would be treated as a violation of Federal Rule 11, punishable by sanctions.

Page 5 of 10
Bryant v. Clayton County Public Schools, Civ. Action No. 1:25-cv-04005
Denmark Ashby & Matricardi LLC's Response to Order to Show Cause

Id.; see also Zea, v. Nat'l Ass'n. of Realtors, *et al.*, No. 25-CV-81016, 2026 WL 893700, at *10 (S.D. Fla. Mar. 24, 2026), *report and recommendation adopted sub nom.* Zea v. Nat'l Ass'n of Realtors, No. 25-CV-81016-WPD, 2026 WL 989261 (S.D. Fla. Apr. 13, 2026) (recommending admonishment for improper use of AI and warning that more severe sanctions may be imposed if such behavior continued).

Like Head and Zea where the courts admonished and warned of future severe sanctions based upon hallucinated cases generated by AI,[3] the Court should not impose sanctions based upon the circumstances in this matter. Without question, the Motion to Dismiss represents a violation of Federal Rule 11. As outlined in the supporting Affidavits, the Junior Associate improperly utilized AI when preparing the Motion to Dismiss and the Senior Associate failed to check each citation when executing and filing said motion despite instructions and admonishments from the Firm. The improper use of AI and the citation of non-existent authority is inexcusable and the Firm accepts full responsibility for the unfortunate occurrence. Although the Firm has instructed and admonished Associates against relying on AI to draft motions, pleadings, briefs, and other Court filings, based on this incident,

---

[3] Unlike Head where the Court already warned the defendants against the use of fake case citations, the Court has never warned the parties about this practice. That said, even without a warning, litigants should not engage in the practice. Indeed, the Firm has admonished and instructed associates against relying on AI to draft motions, pleadings, briefs, and other Court filings. (Ex. A, Turner Aff.; Ex. B, Parks Aff.).

Page 6 of 10
Bryant v. Clayton County Public Schools, Civ. Action No. 1:25-cv-04005
Denmark Ashby & Matricardi LLC's Response to Order to Show Cause

the Firm will take diligent steps to avoid any citation issues in violation of Federal Rule 11(b), including, but not limited to, sending written reminders to all attorney's concerning the ethical and professional duty to verify all citations, conducting additional and extensive firm-wide training related to the appropriate use of AI, as well as updating policies and procedures (with references to this matter) related to the review and confirmation of legal authority contained in court filings. Again, the Firm accepts full responsibility and will implement additional practices, procedures, and protocols to avoid future incidents. Nevertheless, based upon the facts and circumstances, the Court should not impose sanctions against CCPS.

First, sanctions are unwarranted because CCPS has not refused to withdraw the Motion to Dismiss. When an offending party fails to withdraw or correct a sanctionable pleading, courts may impose appropriate sanctions pursuant to Federal Rule 11. Lee, 286 Fed. Appx. at 608; Jackson v. Cronic, No. 2:11-CV-00058-WCO, 2013 WL 12091693, at *5 (N.D. Ga. Jan. 24, 2013). Here, the Firm has accepted responsibility for the impermissible use of AI. And, although the U.S. Magistrate Judge has already recommended that the Court grant in part and deny in part the Motion to Dismiss, the Firm has simultaneously filed the Motion for Leave to File a Corrected Motion to Dismiss. Indeed, when made aware of the subject conduct, the Firm has sought to not only correct the Motion to Dismiss, but the behavior and

Page 7 of 10
Bryant v. Clayton County Public Schools, Civ. Action No. 1:25-cv-04005
Denmark Ashby & Matricardi LLC's Response to Order to Show Cause

practices giving rise to the improper filing.  Therefore, the imposition of sanctions is unwarranted in this matter.

Second, sanctions are unwarranted because Plaintiff has not filed a motion for sanctions with the Court.  Although the Court may certainly *sua sponte* impose sanctions upon notice and an opportunity to be heard, Mitchell v. Nobles, 873 F.3d 869, 875 (11th Cir. 2017), Plaintiff has not moved for the imposition of sanctions pursuant to Federal Rule 11.  Rather, Plaintiff merely requested that the Court address the issue when responding to the Motion to Dismiss.  Again, motions for sanctions pursuant to Federal Rule 11 must be made separately from other motions/filings.  Fed. R. Civ. P. 11(c)(2); White v. DSC Logistics, Inc., No. 1:09-CV-2956-CAP-GGB, 2010 WL 11507616, at *4 (N.D. Ga. June 16, 2010), *report and recommendation adopted*, No. 1:09-CV-2956-CAP-GGB, 2010 WL 11507836 (N.D. Ga. July 6, 2010).  As such, the Firm was denied the opportunity to address and correct the issue without the need for Court intervention.  As such, the Court should not impose sanctions in this matter.

### III.  CONCLUSION

For the reasons stated herein, the Firm respectfully requests that the Court refrain from imposing sanctions pursuant to Federal Rule 11.  Although the Firm again accepts full responsibility for the impermissible use of AI despite prior instructions and admonitions, the Motion to Dismiss was not filed to harass or cause

Page 8 of 10
Bryant v. Clayton County Public Schools, Civ. Action No. 1:25-cv-04005
Denmark Ashby & Matricardi LLC's Response to Order to Show Cause

unnecessary delay.  In this regard, the Firm has internally addressed the issue with the attorneys involved and will implement additional policies, practices, and protocols to prevent future conduct running afoul of Federal Rule 11.  Therefore, the Firm respectfully requests that the Court simply stand on the warnings and instructions in the Order to Show Cause without the imposition of additional sanctions.

Respectfully submitted, this 19th day of May, 2026.

**DENMARK ASHBY MATRICARDI LLC**

*/s/ Winston A. Denmark (with express permission)*
WINSTON A. DENMARK
Georgia Bar No. 211751
JACQUITA L. PARKS
Georgia Bar No. 205537
100 Hartsfield Center Parkway, Suite 400
Atlanta, Georgia 30354
Phone: (770) 478-9950
Email:  wdenmark@dam.law
Email:  jparks@dam.law

*Counsel for Defendant Clayton County Public Schools*

Page 9 of 10
Bryant v. Clayton County Public Schools, Civ. Action No. 1:25-cv-04005
Denmark Ashby & Matricardi LLC's Response to Order to Show Cause

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARQUIS BYRANT,<br><br>Plaintiff,<br><br>vs.<br><br>CLAYTON COUNTY PUBLIC SCHOOLS,<br><br>Defendant. | CIV. ACTION NO. 1:25-CV-04005<br><br>The Honorable Elanor L. Ross<br>The Honorable Russell G. Vineyard<br><br>**JURY TRIAL DEMANDED** |

## LOCAL RULE CERTIFICATION

The undersigned certifies that this document has been prepared in accordance with Local Rule 5.1 and that the ***Response to Order to Show Cause*** has been filed using the CM/ECF system, which will notify the attorney(s) of record.

Respectfully submitted, this 19th day of May, 2026.

DENMARK ASHBY MATRICARDI LLC

*/s/ Winston A. Denmark (with express permission)*
WINSTON A. DENMARK
Georgia Bar No. 211751
JACQUITA L. PARKS
Georgia Bar No. 205537

Page 10 of 10
Bryant v. Clayton County Public Schools, Civ. Action No. 1:25-cv-04005
Denmark Ashby & Matricardi LLC's Response to Order to Show Cause

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MARQUIS BYRANT,

      Plaintiff,

    vs.

CLAYTON COUNTY PUBLIC
SCHOOLS,

      Defendant.

CIV. ACTION FILE 1:25-CV-04005

The Honorable Elanor L. Ross
The Honorable Russell G. Vineyard

**JURY TRIAL DEMANDED**

## AFFIDAVIT OF EARLE TURNER, ESQ.

COMES NOW Earle Turner, Esq., and being duly sworn before an officer authorized to administer oaths, states as follows:

1.

My name is Earle Turner, I am above the age of twenty-one years, am competent to testify as to the statements contained herein, and make these statements based upon my personal knowledge. I authorize the use of this Affidavit for all purposes allowed by Georgia law.

2.

I am an attorney duly authorized to practice law in the State of Georgia, and I am an Associate Attorney at the law firm Denmark Ashby Matricardi LLC ("Firm"), located at 100 Hartsfield Centre Parkway, Suite 400, Atlanta, Georgia.

3.

I am submitting this Affidavit in accordance with Rule 11 of the Federal Rules of Civil Procedure ("Federal Rule"), and in support of Firm's response to the Court's Non-Final Report, Recommendation, and Order.

4.

As the Associate Attorney of the Firm, the Managing Partner of the Firm and Senior Associates have instructed and admonished Associates, including myself, against relying on artificial intelligence ("AI") to draft motions, pleadings, briefs, and other Court filings.

5.

On July 19, 2025, Plaintiff Marquis Bryant ("Plaintiff" or "Bryant") commenced the above-captioned discrimination and retaliation case.

6.

Following commencement of the above-captioned matter, Senior Associate Jacquita L. Parks, Esq., instructed me to draft a motion to dismiss. When preparing the motion to dismiss, I utilized Microsoft Copilot as an assistive drafting tool to aid in research for the argument in response to Plaintiff's claim of violation of Georgia's Whistleblower Act. In this regard, I failed to independently verify certain case law generated by Microsoft Copilot prior to including said purported authority in the motion to dismiss. Specifically, during my research, I asked Microsoft Co-Pilot for

"caselaw to support a motion to dismiss a Georgia whistleblower act allegation." In this regard, Microsoft Co-Pilot provided two purported cases, <u>Scott v. Ga. Dep't of Transp.</u>, 343 Ga. App. 134, 806 S.E. 2d 638 (2017) and <u>Dorsey v. Bd. of Regents</u>, 279 Ga. App. 862, 632 S.E.2d 638 (2006). Without verifying the existence of either case using Westlaw or LexisNexis, and relying solely on the accompanying notes, I included the citations in the argument for the motion to dismiss. Although both purported cases were believed to be legitimate authority, it now appears that neither case exists.

7.

I accept full responsibility for this error and recognize my obligation to ensure that all legal authorities cited in filings before this Court are accurate, properly cited, and have been independently confirmed.

8.

I further acknowledge that the Firm strictly prohibits all attorneys and staff from copying any case citation from an AI into any document filed with the Court. Additionally, the Firm requires that all citations included in filings with the Court be verified by a licensed attorney, who must confirm the accuracy and existence of the citation within Westlaw, LexisNexis, or another case research tool. My failure to adhere to this policy resulted in this error and should not reflect negatively on the Firm or Clayton County Public Schools.

9.

Prior to speaking with the Firm's Managing Partner and Senior Associate about the above-captioned matter in May of 2026, I did not inform anyone that I relied on AI when the preparing the motion to dismiss.

10.

I accept full professional responsibility for the content of the motion to dismiss and any deficiencies therein, and I acknowledge my duties under the Federal Rules and the Local Rules of this Court.

*[SIGNATURE ON THE FOLLOWING PAGE]*

FURTHER, AFFIANT SAYETH NOT.

THIS __18__ DAY OF MAY, 2026.

EARLE TURNER, ESQ.
GEORGIA BAR NO. 508360

SWORN TO AND SUBSCRIBED BEFORE ME

THIS __18__ DAY OF MAY, 2026.

NOTARY PUBLIC

My Commission Expires: __11/14/28__

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARQUIS BYRANT,<br><br>Plaintiff,<br><br>vs.<br><br>CLAYTON COUNTY PUBLIC SCHOOLS,<br><br>Defendant. | CIV. ACTION FILE 1:25-CV-04005<br><br>The Honorable Elanor L. Ross<br>The Honorable Russell G. Vineyard<br><br>**JURY TRIAL DEMANDED** |

## AFFIDAVIT OF JACQUITA L. PARKS, ESQ.

COMES NOW Jacquita L. Parks, Esq., and being duly sworn before an officer authorized to administer oaths, states as follows:

1.

My name is Jacquita L. Parks, I am above the age of twenty-one years, am competent to testify as to the statements contained herein, and make these statements based upon my personal knowledge. I authorize the use of this Affidavit for all purposes allowed by Georgia law.

2.

I am an attorney duly authorized to practice law in the State of Georgia, and I am a Senior Litigation Associate at the law firm Denmark Ashby Matricardi LLC ("Firm"), located at 100 Hartsfield Centre Parkway, Suite 400, Atlanta, Georgia.

3.

I am submitting this Affidavit in accordance with Rule 11 of the Federal Rules of Civil Procedure ("Federal Rule"), and in support of Denmark Ashby Matricardi LLC's response to the Court's Non-Final Report, Recommendation, and Order.

4.

As the Senior Litigation Associate of the Firm, the Managing Partner of the Firm and I have instructed and admonished Associates against relying on artificial intelligence ("AI") to draft motions, pleadings, briefs, and other Court filings.

5.

On July 19, 2025, Plaintiff Marquis Bryant ("Plaintiff" or "Bryant") commenced the above-captioned discrimination and retaliation case.

6.

Following commencement of the above-captioned matter, I instructed an Associate Earle Turner ("Turner"), to draft a motion to dismiss.  Based upon the instructions to all Firm Associates, I relied on Turner's duty as a licensed attorney to independently, diligently, and efficiently verify research and citations utilized in the Motion to Dismiss.

7.

Upon receiving the Non-Final Report, Recommendation, and Order entered in the above-captioned case, I spoke with Turner concerning citation issue raised by

the Court and Plaintiff.  In this regard, Turner admitted that, despite the instructions and admissions by the Firm's Managing Partner, Turner utilized AI tools when drafting and preparing the Motion to Dismiss.  Specifically, Turner admitted to utilizing Microsoft Copilot without reviewing and checking each citation.

8.

To the best of my knowledge, information, and belief, at the time of signing the filing the Motion to Dismiss, I was not aware that Turner relied on AI when drafting the Motion to Dismiss in contravention of instructions from the Firm's Managing Partner.  Although now aware of the citation issue, I missed Plaintiff's reference to the erroneous citations in the response to the Motion to Dismiss.  The failure to correct the Motion to Dismiss at that time was a mistake and oversight; and was not intended to harass, or cause unnecessary delay.  Indeed, upon review of the Non-Final Report, Recommendation, and Order, the Firm has prepared a Motion for Leave to File a Corrected Motion to Dismiss, removing the erroneous citation from the Motion to Dismiss.

9.

Moving forward, the Firm will take diligent steps to avoid any citation issues in violation of Federal Rule 11(b), including, but not limited to, sending written reminders to all attorney's concerning the ethical and professional duty to verify all citations, conduct additional and extensive firm-wide training concerning the

appropriate use of AI, update policies and procedures (with references to this matter)

concerning the review and confirmation of legal authority contained in court filings.

*[SIGNATURE ON THE FOLLOWING PAGE]*

FURTHER, AFFIANT SAYETH NOT.

THIS **18** DAY OF MAY, 2026.

<u>Jacquita Parks (May 18, 2026 16:21:13 EDT)</u>
JACQUITA L. PARKS, ESQ.
GEORGIA BAR NO. 205537

SWORN TO AND SUBSCRIBED BEFORE ME

THIS **18** DAY OF MAY, 2026.

NOTARY PUBLIC

My Commission Expires: **11/14/28**